[Wallace v. Boggan.]

# Wallace *v.* Boggan.

*Bill in Equity by Trustee in Bankruptcy to recover Proceeds of certain Goods disposed of by Bankrupt.*

1. *Bill by trustee in bankruptcy to recover proceeds of goods transferred in violation of bankruptcy act; burden of proof.*—On a bill filed by a trustee in bankruptcy, for the purpose of recovering from the respondents the proceeds · of certain goods, wares and merchandise alleged to have been transferred to the respondent by the bamkrupt in violation of certain provisions of the bankrupt act, where it appears from the averments· of the bill that the real purpose of the bill was to recover the difference · in value between the goods alleged to have been conveyed by the owner of the goods seized and sold by the complainant as trustee in bankruptcy, the burden of proof is upon the person to show that there was a difference in value between the goods sold and conveyed by the bankrupt and those seized and sold by the trustee; and upon the complainant's failure to meet the burden thus put upon him, he can not maintain the bill.

2. *Same; same; case at bar.*—In such a case, where the evidence shows that the goods sold by the bankrupt to the defendant consisted of a small stock of family groceries and that after the purchase the defendant continued the business and from time to time as she sold the goods in the course of business, she replenished the stock by buying fresh ones, and this continued until the trustee in bankruptcy seized and took possession of the stock under an order of the bankrupt court, and the evidence affords a reasonable inference that the goods seized by the trustee in bankruptcy were equal in value to .the goods sold and conveyed by the bankrupt to the defendant, the burden of proof resting upon the complainant is not met and the decree denying the relief and dismissing the bill was free from error.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. JOHN C. CARMICHAEL.
The bill in this case was filed by the appellant against

the appellee, Anna F. Boggan. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The appeal is prosecuted from a decree denying the relief prayed for, and dismissing the bill, and the rendition of this decree is assigned as error.

CHARLES B. POWELL, for appellant, cited *Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipken*, 64 Ala. 520; *Morgan v. Morgan*, 68 Ala. 80; *In re Phelps*, 3 Amer. Bank. Rep. 396; Brandenburg on Bankruptcy, (2d ed.), 569.

LONDON & LONDON, *contra*, cited *Grant v. Bank*, 97 U. S. 80; *Stucky v. Bank*, 108 U. S. 74; *In re Eggart*, 98 Fed. Rep. 843; *Pirie v. Chicago, etc. Co.*, 182 U. S. 438; *Otis v. Hadley*, 112 Mass. 100.

DOWDELL, J.—The bill here was filed by the appellant, John H. Wallace, as trustee in bankruptcy of the estate of one Thornton, who had been adjudged a bankrupt, and for the purpose of recovering from the appellee, the proceeds of certain goods, wares and merchandise, which as alleged in the bill had been transferred to her by said Thornton in violation of certain provisions of the bankrupt act of 1898. A sworn answer was filed by the respondent, appellee here, in which the material allegations of the bill were denied. The cause was heard on the pleadings and proof upon a submission for final decree, and a decree was rendered denying complainant relief and dismissing the bill.

The real purpose of the bill as shown by the facts stated is not to recover from the appellee, the goods conveyed to her by Thornton, for those goods so far as they remained in existence, had already been seized and sold by the trustee, but it is sought to recover the value of the goods conveyed by Thornton to appellee, and by her converted into money, or used, and not replaced in the

store by other goods.  Or in other words, the difference in value between the goods alleged to have been conveyed by said Thornton to appellee, and the goods seized and sold by the trustee.  The bill alleges that the goods conveyed were of the value of $1,500, and that the appellee had sold and disposed of all of them except about $200 worth, and in another paragraph avers that she had sold about $1,200 worth.  It is plain that no recovery could be had for the value of the goods seized and sold by the trustee.  It was only for the difference in value between goods sold and conveyed by Thornton, and those seized and sold by the trustee that a recovery could possibly be had.  And the burden of proof was on the complainant to show this alleged difference in value. The evidence shows that the goods sold by Thornton to appellee consisted of a small stock of family groceries, and that after the purchase, the appellee continued the business, and from time to time, as she sold the goods, she replenished the stock with purchases of fresh goods; and this continued until the trustee in bankruptcy, the appellant here, under an order of the bankrupt court, seized and took possession of the stock, which he afterwards sold.  We have carefully considered all of the evidence, and it would serve no purpose to attempt a rehearsal of it, or to make any detailed statement of the facts which it tends to establish, and our conclusion is, that the burden of proof, which rested on the complainant, has not been met.  The evidence we think clearly affords a just and reasonable inference that the goods seized were equal in value to the goods sold and conveyed by Thornton to appellee, and we concur with the chancellor in the decree rendered.  The view we have taken and the conclusion reached, renders is unnecessary to consider other questions raised on the record, calling for a construction of certain sections of the bankrupt act relating to conveyances made by one who is afterwards adjudged a bankrupt.

The decree of the chancery court will be affirmed.